CASE NO. 6:04-cv-01838-ORL-22-JGG

**ESSEX BUILDERS GROUP, INC.**

       **Plaintiff**

  **v.**

**AMERISURE INSURANCE COMPANY
and ONEBEACON INSURANCE
COMPANY**

       **Defendants,**

**TRAVELERS CASUALTY & SURETY
CO. as the Subrogee of ESSEX BUILDERS
GROUP, INC.**

       **Intervenor.**

_____/

### DEFENDANT ONEBEACON INSURANCE COMPANY'S ANSWER TO AMERISURE INSURANCE COMPANY'S THIRD PARTY CLAIMS AND CROSS-CLAIMS

Defendant OneBeacon Insurance Company ("OneBeacon") files this Answer to the Third Party Claims and Cross-Claim filed by Amerisure Insurance Company, and would show the following:

1.  OneBeacon admits the allegations in Paragraph 1 of the Third Party Claims and Cross-Claim.

2.  OneBeacon admits the allegations in Paragraph 2 of the Third Party Claims and Cross-Claim as they relate to OneBeacon. OneBeacon is without knowledge or information sufficient to form a belief as to the truth of the statement as to the other carriers.

3.  OneBeacon neither admits nor denies the allegations in Paragraph 3 of the Third Party Claims and Cross-Claim since OneBeacon is without knowledge or information sufficient to form a belief as to the truth of the statement.

---

4.  OneBeacon admits the allegations in Paragraph 4 of the Third Party Claims and Cross-Claim.

5.  OneBeacon admits the allegations in Paragraph 5 of the Third Party Claims and Cross-Claim.

6.  OneBeacon admits the allegations in Paragraph 6 of the Third Party Claims and Cross-Claim.

7.  OneBeacon admits the allegations in Paragraph 7 of the Third Party Claims and Cross-Claim.

8.  OneBeacon neither admits nor denies the allegations in Paragraph 8 of the Third Party Claims and Cross-Claim since OneBeacon is without knowledge or information sufficient to form a belief as to the truth of the statement.

9.  With respect to Paragraph 9 of the Third Party Claims and Cross-Claim, OneBeacon admits it issued policies of insurance to Beckner Painting. OneBeacon is without knowledge or information sufficient to form a belief as to the truth of the statement as to the other carriers.

10.  OneBeacon neither admits nor denies the allegations in Paragraph 10 of the Third Party Claims and Cross-Claim since OneBeacon is without knowledge or information sufficient to form a belief as to the truth of the statement.

11.  OneBeacon neither admits nor denies the allegations in Paragraph 11 of the Third Party Claims and Cross-Claim since OneBeacon is without knowledge or information sufficient to form a belief as to the truth of the statement.

12.  OneBeacon admits the allegations in Paragraph 12 of the Third Party Claims and Cross-Claim.

13.     OneBeacon neither admits nor denies the allegations in Paragraph 13 of the Third Party Claims and Cross-Claim since OneBeacon is without knowledge or information sufficient to form a belief as to the truth of the statement.

14.     OneBeacon neither admits nor denies the allegations in Paragraph 14 of the Third Party Claims and Cross-Claim since OneBeacon is without knowledge or information sufficient to form a belief as to the truth of the statement.

15.     OneBeacon neither admits nor denies the allegations in Paragraph 15 of the Third Party Claims and Cross-Claim since OneBeacon is without knowledge or information sufficient to form a belief as to the truth of the statement.

16.     OneBeacon neither admits nor denies the allegations in Paragraph 16 of the Third Party Claims and Cross-Claim since OneBeacon is without knowledge or information sufficient to form a belief as to the truth of the statement.

17.     OneBeacon neither admits nor denies the allegations in Paragraph 17 of the Third Party Claims and Cross-Claim since OneBeacon is without knowledge or information sufficient to form a belief as to the truth of the statement.

18.     OneBeacon neither admits nor denies the allegations in Paragraph 18 of the Third Party Claims and Cross-Claim since OneBeacon is without knowledge or information sufficient to form a belief as to the truth of the statement.

19.     OneBeacon denies the allegations in Paragraph 19 of the Third Party Claims and Cross-Claim as they relate to OneBeacon.  OneBeacon is without knowledge or information sufficient to form a belief as to the truth of the statement as to the other carriers.

20.     OneBeacon admits that it issued a policy directly to Essex that was in effect from November 1, 1999 to November 1, 2000.  OneBeacon denies the remaining allegations in

Paragraph 20 of the Third Party Claims and Cross-Claim as they relate to OneBeacon. OneBeacon is without knowledge or information sufficient to form a belief as to the truth of the statement as to the other carriers.

21.     OneBeacon denies the allegations in Paragraph 21 of the Third Party Claims and Cross-Claim as they relate to OneBeacon.  OneBeacon is without knowledge or information sufficient to form a belief as to the truth of the statement as to the other carriers.

22.     OneBeacon denies the allegations in Paragraph 22 of the Third Party Claims and Cross-Claim as they relate to OneBeacon.  OneBeacon is without knowledge or information sufficient to form a belief as to the truth of the statement as to the other carriers.

23.     OneBeacon admits that Amerisure is suing for declaratory judgment in Paragraph 23 of the Third Party Claims and Cross-Claim.

24.     For its response to Paragraph 24 of the Third Party Claims and Cross-Claim, OneBeacon readopts its responses to Paragraphs 1 – 22.

25.     With respect to Paragraph 25 of the Third Party Claims and Cross-Claim, OneBeacon admits that Amerisure believes Essex "potentially" has multiple policies of insurance available to it.

26.     OneBeacon denies it owes any insurance coverage with respect to the allegations in Paragraph 26.

27.     OneBeacon denies the allegations in Paragraph 27 of the Third Party Claims and Cross-Claim as they relate to OneBeacon.  OneBeacon is without knowledge or information sufficient to form a belief as to the truth of the statement as to the other carriers.

28.     OneBeacon denies the allegations in Paragraph 28 of the Third Party Claims and Cross-Claim as they relate to OneBeacon.   OneBeacon is without knowledge or information

sufficient to form a belief as to the truth of the statement as to the other carriers.  OneBeacon denies that Amerisure is entitled to recover attorneys' fees under Florida Statute § 627.428.

29.    OneBeacon denies the allegations in Paragraph 29 of the Third Party Claims and Cross-Claim.

30.    OneBeacon denies the allegations in Paragraph 30 of the Third Party Claims and Cross-Claim.

31.    OneBeacon denies the allegations in Paragraph 31 of the Third Party Claims and Cross-Claim.

32.    OneBeacon denies the allegations in Paragraph 32 of the Third Party Claims and Cross-Claim as they relate to OneBeacon.  OneBeacon is without knowledge or information sufficient to form a belief as to the truth of the statement as to the other carriers.

33.    OneBeacon denies the allegations in Paragraph 33 of the Third Party Claims and Cross-Claim as they relate to OneBeacon.  OneBeacon is without knowledge or information sufficient to form a belief as to the truth of the statement as to the other carriers.  OneBeacon denies that Amerisure is entitled to recover attorneys' fees under Florida Statute § 627.428.

## <u>AFFIRMATIVE DEFENSES</u>

34.    The OneBeacon Policies do not provide coverage for economic losses.

35.    The OneBeacon Policies does not provide coverage to the extent any of the alleged property damage did not occur during the policy period(s) as defined in and required by the Policies.

36.    The OneBeacon Policies state, "We will pay those sums that the insured becomes legally obligated to pay as damages because of 'bodily injury' or 'property damage'

to which this insurance applies." The OneBeacon Policies therefore does not provide coverage for any claim for damages which does not fall within the insuring agreement.

37. The OneBeacon Policies does not provide coverage to the extent the Insured violated any of the Conditions of the Policy, including without limitation, Section IV.8. of the Policy and/or Section IV.3.

38. The OneBeacon Policies does not provide coverage in an amount greater than the limits set forth in the OneBeacon Policies.

39. The OneBeacon Policies does not provide coverage for any damages for which insurance is precluded by public policy, Florida statutory law, and/or Florida common law.

40. The insuring agreement of the OneBeacon Policies provides coverage for "property damage" caused by an "occurrence." The OneBeacon Policies further defines "occurrence" as "an accident, including continuous or repeated exposure to substantially the same general harmful conditions." The OneBeacon Policies therefore do not provide coverage to the extent the alleged damages do not constitute "property damage," an "accident" or "occurrence" as defined by the OneBeacon Policies.

41. The OneBeacon Policies does not provide coverage for any damage which is excluded by the Policy, including without limitation, the following exclusions:

This insurance does not apply to:

j.    "Property damage" to:

*   *   *

(5)    That particular part of real property on which you or any contractors or subcontractors working directly or indirectly on your behalf are performing operations, if the "property damage" arises out of those operations; or

(6)    That particular part of any property that must be restored, repaired or replaced because "your work" was incorrectly performed on it….

---

**DEFENDANT ONEBEACON'S ANSWER TO THIRD PARTY CLAIMS AND CROSS-CLAIM    Page 6**

    k.      "Property damage" to "your product" arising out of it or any part of it.

    l.      Damage to Your Work

        "Property damage" to "your work" arising out of it or any part of it included in the "products-completed operations hazard".

        This exclusion does not apply if the damaged work or the work out of which the damage arises is performed on your behalf by a subcontractor.

    m.     Damage to Impaired Property or Property Not Physically Injured

        "Property damage" to "impaired property" or property that has not been physically injured, arising out of:

        (1)    A defect, deficiency, inadequacy or dangerous condition in "your product" or "your work"; or

        (2)    A delay or failure by you or anyone acting on your behalf to perform a contract or agreement in accordance with its terms.

        This exclusion does not apply to the loss of use of other property arising out of a sudden and accidental physical injury to "your product" or "your work" after it has been put to its intended use.

42.     Any coverage under the Policies is limited by the OneBeacon Policies provisions relating to "other insurance."

43.     The OneBeacon Policies requires the following conditions regarding notice:

    a.     You must see to it that we are notified as soon as practicable of an "occurrence" or an offense which may result in a claim. To the extent possible, notice should include:

        (1)    How, when and where the "occurrence" or offense took place;

        (2)    The names and addresses of any injured persons and witnesses; and

        (3)    The nature and location of any injury or damage arising out of the "occurrence" or offense.

Section IV.2.b. of the OneBeacon Policies further requires notification to the insurer "as soon as practicable" if a claim is made against any insured. The Policy does not provide coverage to the

extent that the Insured failed to provide prompt written notice of an alleged claim or suit as required by the Policy.

44.    Any coverage under the OneBeacon Policies is barred or otherwise limited if the Insured  failed to mitigate its alleged damages.

45.    Any coverage under the OneBeacon Policies is barred or otherwise limited by Exclusion b contained in Coverage A of the Policy which excludes contractual liability of "bodily injury" or "property damage" for which the Insured "is obligated to pay damages by reason of the assumption of liability in a contract or agreement."

46.    The OneBeacon Policies states, "No insured will, except at that insured's own cost, voluntarily make a payment, assume any obligation, or incur any expense, other than for first aid, without our consent."   The OneBeacon Policies therefore do not provide defense or indemnity coverage for any voluntary payments made to the owners of the Construction Project by or on behalf of Essex.

47.    Any additional insured coverage under the OneBeacon policies issued to Beckner Painting is limited to liability arising out of the insured's ongoing operations for Essex.

48.    There may be other provisions of the OneBeacon Policies which serve to preclude or limit coverage for the complaints, claims and/or lawsuits at issue, none of which are waived by not being specifically pled herein.

FOR THE REASONS STATED, Defendant OneBeacon Insurance Company prays that, upon final trial and hearing hereof, Amerisure take nothing against it, and that OneBeacon recover its costs, fees, expenses, and general relief.

Respectfully submitted,



By: _____
    M. Jarrett Coleman
    State Bar No. 00796380
    COZEN O'CONNOR, P.C.
    1717 Main Street, Suite 2300
    Dallas, Texas  75201-7335
    Telephone:  (214) 462-3000
    Facsimile:  (214) 462-3299

**TRIAL COUNSEL-OF-RECORD FOR
DEFENDANT ONEBEACON
INSURANCE COMPANY**

Stacy L. Lightfoot , Esquire
Florida Bar No. 0659010
Scott C. Roberts, Esquire
Florida Bar No. 0139970
Charles W. Sell, Esquire
Florida Bar No. 0377279
Shuffield Lowman & Wilson, P.A.
1000 Legion Place, Suite 1700
Orlando, FL 32801
Telephone: (407) 581-9800
Facsimile: (407) 581-9801

**LOCAL COUNSEL (DESIGNATED
PURSUANT TO LOCAL RULE
2.02(a)(1))**

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on July 20, 2005, I electronically filed the foregoing with the Clerk of the Court by using the CM/ECF system, which will send a notice of electronic filing to:

**Stephen A. Marino, Jr.**
SMarino@vpl-law.com
**Brenton Neil Ver Ploeg**
BVerPlog@vpl-law.com
Ver Ploeg & Lumpkin, P.A.
100 SE Second St., Suite 2150
Miami, FL 33131
*Co-counsel for Essex Builders Group, Inc.*

**Robert Patrick Major**
rmajor@whww.com
Winderweedle, Haines,
Ward & Woodman, P.A.
P.O. Box 1391
Orlando, Fl 32802-1391
*Co-counsel for*
*Essex Builders Group, Inc.*

**Chris Ballentine**
cballantine@fisherlawfirm.com
Fisher, Rushmer, Werrenrath,
20 N. Orange Ave., Suite 1500
P.O. Box 712
Orlando, FL 32802-0712
*Counsel for Amerisure Insurance Company*

**Brett Devereux Divers**
bdivers@mpdlegal.com
**E.A. 'Seth' Mills, Jr.**
smills@mpdlegal.com
Mills, Paskert & Divers, P.A.
100 N. Tampa St., Suite 2010
Tampa, FL 33602
*Counsel for Travelers*
*Casualty & Surety Co., as*
*subrogee of Essex Builders*
*Group, Inc.*

_____
M. Jarrett Coleman

DALLAS1\161708\1 158402.000158402

---