UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

ESSEX BUILDERS GROUP, INC., and
TRAVELERS CASUALTY & SURETY
COMPANY,

                Plaintiffs,

-vs-                                        Case No. 6:04-cv-1838-Orl-22JGG

AMERISURE INSURANCE COMPANY
and ONEBEACON INSURANCE
COMPANY,

                Defendants.

_____

ORDER

This cause came on for consideration without oral argument on the following motion filed herein:

| | |
|---|---|
| MOTION: | DEFENDANT ONEBEACON'S MOTION TO COMPEL TRAVELERS CASUALTY TO ANSWER WRITTEN DISCOVERY, TO DEEM ADMISSIONS 1, 2, 5 AND 6 "ADMITTED" (Doc. No. 93) |
| FILED: | August 5, 2005 |
| THEREON it is ORDERED that the motion is GRANTED IN PART AND DENIED IN PART. | |

Defendant OneBeacon Insurance Company ("OneBeacon") served its interrogatories and request for admissions on June 16, 2005, by mail. Travelers Casualty & Surety Company's ("Travelers") states its responses were timely prepared and placed in the outbound mail tray for

collection by counsel's personnel on July 21, 2005.[1] Due to what Travelers terms a "clerical error," the mail was not picked up from the mail tray and the responses were not mailed.

On July 25, 2005, Travelers' counsel discovered the error and immediately contacted opposing counsel. Travelers agreed to serve the responses immediately by mail and by electronic mail and, based on the conversation with OneBeacon's counsel, believed that the timing issue was resolved. OneBeacon now moves to have responses to Request for Admissions Numbers 1, 2, 5 and 6 deemed admitted because Travelers' responses were untimely and improper. OneBeacon also moves for an order compelling Travelers to provide verified responses, without objection, to specified interrogatories because the responses were untimely and improper.

## I. The Interrogatories

As stated above, OneBeacon moves for an order compelling Travelers to provide verified responses, without objection, to specified interrogatories because the responses were untimely and improper. Travelers responded that it has provided the verification to the interrogatory answers, therefore, this issue is moot.

OneBeacon's Interrogatory Numbers 1 and 2 asked for Travelers' contentions as to when the project was completed and when the project began to experience damage. Although Travelers' interrogatory answers acknowledge it is the recipient of the Owner's claims by assignment, it basically responded that the Owners' personnel, and not Travelers' personnel, possess the requested information and it was therefore unable to respond further.

---

[1] The Court agrees with Travelers that its responses were due on July 21, 2005. Although there has been some argument whether the additional three days allowed by Fed. R. Civ. P. 6(e) for service by mail should be tacked on before or after the calculation of time under Fed. R. Civ. P. 6(a), the proposed amendment of subdivision (e) and the Advisory Committee's Notes make it clear that the prevailing view is that the additional time should be tacked on after the Rule 6(a) calculation. This method of calculation is consistent with the Court's Local Rule 4.20.

OneBeacon points out that Travelers' complaint in intervention alleges that the owner experienced damage to the apartment buildings after the project was completed (Doc. 40, ¶10), and that the damage occurred during the 1999-2000 OneBeacon policy period. (Doc. 40, ¶ 32.) OneBeacon argues that, as assignee, Travelers is the real party in interest and that it is entitled to discover from Travelers the underlying factual basis for the complaint's allegations. Travelers argues that its knowledge is limited to the documents it has received from the owner and Essex, all of which have been produced to OneBeacon, and that it cannot provide a further response without interviewing witnesses it "does not control." (Travelers' Opposition, pp. 8, 10.)

OneBeacon is entitled to know the factual basis for Travelers' allegations against it, and Travelers is obligated to furnish the information that is available to it. Fed. R. Civ. P. 33(a). Merely because the requested information is not possessed by Travelers' personnel does not mean that the information is unavailable to Travelers, especially as Travelers is an assignee of Essex's interests. This Court agrees that:

> The answers to interrogatories must be responsive, full, complete and unevasive. The answering party cannot limit his answers to matters within his own knowledge and ignore information immediately available to him or under his control.... If an appropriate interrogatory is propounded, the answering party will be required to give the information available to him, if any, through his attorney, investigators employed by him or on his behalf or other agents or representative whether personally known to the answering party or not ... If the answering party lacks necessary information to make a full, fair and specific answer to an interrogatory, it should so state under oath and should set forth in detail the efforts made to obtain the information.

*Continental Illinois Nat'l Bank & Trust Co. v. Caton*, 136 F.R.D. 682, 684 (D. Kan. 1991), *citing Miller v. Doctor's Gen. Hosp.*, 76 F.R.D. 136, 140 (W.D. Okla. 1977) (internal citations omitted).

The Court finds that Travelers' answers to Interrogatories 1 and 2 are deficient and must be supplemented. If Travelers is arguing that the basis for the complaint's allegations is located among the documents it has produced, it must either provide the factual information in response to the interrogatory or it must specifically identify the documents from which the information can be obtained. Fed. R. Civ. P. 33(d). If Travelers is arguing that the information is possessed only by the Owner's personnel, it must make an effort to interview those witnesses and obtain the requested information. If the Owner refuses to make its personnel available to Travelers for interviews, Travelers must set forth its efforts in the supplemental interrogatory response.

Interrogatories 3 and 4 ask Travelers to itemize the "exact amount of monetary damages" that Travelers contends occurred during the OneBeacon policy period. Travelers answered that it "has not made an allocation of damages that is specific enough to allow it to itemize the exact amount," and the allocation will be the subject of expert testimony, which is not yet due under the Case Management and Scheduling Order.

The Court again finds Travelers' answers deficient, and Travelers must supplement its answers with whatever information it possesses. "It is no answer for plaintiffs to assert that they will need discovery or to consult with an expert to determine their losses." *King v. E.F. Hutton & Co., Inc.*, 117 F.R.D. 2, 5 (D.D.C. 1987). The fact that Travelers may later supplement its interrogatory answers with an expert report does not permit it to refuse to respond with whatever discoverable information it now holds. *See Bohannon v. Honda Motor Co. Ltd.*, 127 F.R.D. 536, 538 (D. Kan. 1989).

With respect to OneBeacon's request that Travelers' supplemental interrogatory answers be made without objection, Travelers cannot now assert objections that were not previously made, absent

a showing of good cause. Fed. R. Civ. P. 33(b)(4). Travelers did not make any specific objections to Interrogatories 1 through 4,[2] and does not argue that it should be able to assert any objections now. It appears that OneBeacon has raised a moot point but, to the extent an order is required, the Court rules that Travelers may not assert any objections as part of its supplemental responses.

## II. The Requests for Admission

### A. Deeming Requests As Admitted Due to an Untimely Response

Failure to timely respond to requests for admission results in *automatic* admission of the matters requested. Fed. R. Civ. P. 36(a). Because Travelers admits its responses were untimely, the requests for admission are deemed admitted by operation of law. The court, on motion, may permit the withdrawal or amendment of the admission if "[1] the presentation of the merits of the action will be subserved thereby and [2] the party who obtained the admission fails to satisfy the court that withdrawal or amendment will prejudice that party in maintaining the action or defense on the merits." Fed. R. Civ. P. 36(b); *see also, Perez v. Miami-Dade County,* 297 F.3d 1255, 1264 (11th Cir. 2002) (establishing a two-part test based on Rule 36(b) that must be applied in deciding motions to withdraw admissions).

Although Travelers has not filed a formal motion to withdraw its admission, it opposes OneBeacon's motion on the grounds that OneBeacon would suffer no prejudice by having the admissions withdrawn, that OneBeacon's position does not further the interests of justice and that the requests for admission were improper. The Court construes Travelers' opposition to the motion to deem its responses as being admitted as fulfilling Rule 36(b)'s requirement that the relief be sought

---

[2] Travelers' response contained a section entitled "General Objections and Responses," which appears to be nothing more than boilerplate objections that were not even incorporated into the following answers.

on motion. *See Bergemann v. United States*, 820 F.2d 1117, 1121 (10th Cir. 1987) (opposition to a motion for summary judgment construed as a motion to withdraw admissions).[3]

The United States Court of Appeals for the Eleventh Circuit has held that a district court abuses its discretion in ruling on a motion to withdraw admissions if it applies some other criterion beyond Rule 36(b)'s two-part test or if it grossly misapplies the test. *Perez*, 297 F.3d at 1265. The proper focus is on the effect allowing the admission would have on the litigation and the prejudice that the opposing party would suffer, and not the moving party's excuse for its erroneous admission. *Id.*

### 1. Would Presentation of the Merits Be Subserved?

The first prong of Rule 36(b)'s two-part test "emphasizes the importance of having the action resolved on the merits . . . and is satisfied when upholding the admissions would practically eliminate any presentation of the merits of the case." *Perez*, 297 F.3d at 1266 (citations omitted). In the present lawsuit, Essex Builders Group sues OneBeacon and Amerisure Insurance Company for breach of insurance contracts. Travelers is the successor in interest to Reliance Insurance Company, which paid Essex $6.25 million pursuant to a performance bond. Thus, Travelers stands in the shoes of Essex for the purpose of claiming the first $6.25 million in policy proceeds that may be recovered from Amerisure and OneBeacon.

The four requests for admission at issue apparently attempt to establish dates for certain occurrences that would place those occurrences outside of the time period covered by OneBeacon's policy. An admission placing the occurrences outside of the policy period would effectively bar Travelers from proving OneBeacon is liable. The Court finds that allowing OneBeacon to escape

---

[3] Because the instant motion only addresses Request for Admission Nos. 1, 2, 5 and 6, the Court does not construe Travelers' opposition as a motion to withdraw any other admissions that resulted from its untimely response.

potential liability because of Travelers' inadvertence, which is at most excusable neglect, would be grossly unjust. Granting a motion to withdraw the admission would aid in the ascertainment of the truth and the development of the merits of the case, and Travelers satisfies the first part of the two-prong test. *See Perez*, 297 F.3d at 1266 (deeming admitted items that conclusively establish defendants liability effectively ended the litigation and, therefore, the first prong of the test was met); *Smith v. First Nat'l Bank*, 837 F.2d 1575, 1577 (11th Cir. 1988) (first prong satisfied where failure to timely respond to request for admissions was at most excusable neglect and would have resulted in establishing liability for $50,000 in actual damages and $1.5 million dollars in punitive damages).

### 2. Would OneBeacon be Prejudiced if the Admission is Withdrawn?

As succinctly stated by the 11th Circuit, "the prejudice contemplated by the Rule is not simply that the party who initially obtained the admission will now have to convince the fact finder of its truth. Rather, it relates to the difficulty a party may face in proving its case, *e.g.*, caused by the unavailability of witnesses, because of the sudden need to obtain evidence with respect to the questions previously answered by the admissions." *Perez*, 297 F.3d at 1266, citing *Smith*, 837 F.2d at 1578. Thus, the court is more likely to find prejudice if the opposing party was somehow lulled into reliance upon the admissions due to the movant's failure to act timely.

In this case, OneBeacon was notified within a few days of the responses due date that Travelers was unable to admit or deny the admissions due to lack of information.[4] Further, the Amended Case Management and Scheduling Order entered by Judge Conway on August 17, 2005, at Docket No. 119, sets a discovery deadline of June 2, 2006. Given the short passage of time between

---

[4] Travelers filed its complaint in intervention on April 12, 2005.

when the responses were due and when the responses were served, and given the substantial period of time remaining to conduct discovery, OneBeacon cannot show that it would be prejudiced if the admissions were withdrawn. Therefore, the second prong of Rule 36(b)'s test is met. The Court, therefore, orders that Travelers' admissions to Request for Admission Numbers 1, 2, 5 and 6 are withdrawn.

### B.     Deeming Requests Admitted Due to Travelers' Improper Response

OneBeacon argues in the alternative that Travelers' responses to Request for Admission Numbers 1, 2, 5 and 6 should be deemed admitted because Travelers' responses were evasive and improper. Request for Admission Numbers 1 and 2 seek to obtain an admission that the project referred to in the complaint was completed after two specific dates. Request for Admission Numbers 5 and 6 seek to obtain admissions that damage to the project did not occur until after two specific dates. Travelers' response to all four requests was identical: "After having made a reasonable inquiry, the information known or readily obtainable by Travelers is insufficient to enable Travelers to either admit or deny this request. The Owner is in the best position to answer this request as to the specific date of completion. While Travelers is the recipient of the Owner's claims by assignment, Travelers does not know what knowledge and mental impressions the Owner's personnel have that would permit Travelers to respond to this request."

The parties' arguments regarding the sufficiency of the response to requests for admission mirror the arguments made regarding the sufficiency of the interrogatory answers. Like interrogatories, a party cannot refuse to admit or deny a request for admission based on lack of personal knowledge if the information is reasonably available to the party. *See Asea, Inc. v. S. Pac.*

*Transp. Co.*, 669 F.2d 1242, 1245 (9th Cir. 1982). The failure to admit or deny a request for admission fails to comply with Fed. R. Civ. P. 36(a) if the answering party has not made a reasonable inquiry. *Id.* at 1247. As discussed above, Travelers has not made a reasonable inquiry into the facts as it has restricted its answers to matters within its personal knowledge and has not made an inquiry of the Owner.

The sanction of deeming a response an admission, however, is a severe one. Rather, the courts generally order an amended answer or order the responding party to make a reasonable inquiry. *Id.* at 1246. Although Travelers' responses fail to comply with Rule 36, the Court will not order the responses admitted at this time. Instead, the Court orders Travelers to make a reasonable inquiry and to amend its answers.

## CONCLUSION

OneBeacon's motion to compel supplemental interrogatory answers in response to Interrogatories 1-4 is **GRANTED**. OneBeacon's motion to deem responses to Request for Admission Numbers 1, 2, 5 and 6 is **DENIED**. Travelers is to serve supplemental answers to Interrogatories 1-4 and amended responses to Request for Admission Numbers 1, 2, 5 and 6 within 30 days of the date of this order.

**DONE and ORDERED** in Orlando, Florida on September 7, 2005.

James G. Glazebrook
United States Magistrate Judge