# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
### ORLANDO DIVISION

ESSEX BUILDERS GROUP, INC., and
TRAVELERS CASUALTY & SURETY
COMPANY,

                    **Plaintiffs,**

-vs-                                         **Case No.  6:04-cv-1838-Orl-22JGG**

AMERISURE INSURANCE COMPANY
and ONEBEACON INSURANCE
COMPANY,

                    **Defendants.**


TRAVELERS CASUALTY & SURETY
CO. As the Subrogee of Essex Builders
Group, Inc.,

                    **Intervenor.**

_____

AMERISURE INSURANCE COMPANY,

      **Third Party Plaintiff/Cross-Plaintiff,**

-vs-

LIBERTY MUTUAL FIRE INSURANCE
COMPANY; NATIONAL UNION FIRE
INSURANCE COMPANY OF
PITTSBURGH, PA; ONE BEACON
INSURANCE COMPANY f/k/a General
Accident Insurance Company of America;
MARYLAND CASUALTY COMPANY;
GREAT AMERICAN INSURANCE
COMPANY[1]; ASSURANCE COMPANY

_____

[1]Ohio Casualty Insurance Company has appeared as the transferee of the Great American Insurance Company policies (See Doc. Nos. 108 and 109).

**OF AMERICA; NATIONAL TRUST
INSURANCE COMPANY; ST. PAUL FIRE
& MARINE INSURANCE COMPANY
a/k/a St. Paul Insurance Company,**

  **Third Party Defendants/Cross-Defendants.**

_____

_____

## ORDER

This cause came on for consideration without oral argument on the following motion:

| | |
|---|---|
| **MOTION:** | **EMERGENCY MOTION TO STAY DISPOSITION OF TRAVELERS MOTION FOR SUMMARY JUDGMENT AND TO STAY PROCEEDINGS IN THEIR ENTIRETY** (Doc. No. 173) |
| **FILED:** | **April 10, 2006** |

**THEREON** it is **ORDERED** that the motion is **DENIED**.

## I.    INTRODUCTION

At issue is Defendant OneBeacon Insurance Company's ("OneBeacon") motion to stay the

Court's disposition of the pending summary judgment motion filed by Travelers Casualty and Surety

Company ("Travelers"). OneBeacon also moves to stay all other proceedings in this action, other than

discovery. Defendant Amerisure Insurance Company ("Amerisure") joins in the motion. Docket 189.

By way of background, Travelers filed a complaint in intervention as the subrogee of Plaintiff

Essex Builders Group, Inc. ("Essex") against Defendants Amerisure and OneBeacon. Docket 40.

OneBeacon moved for partial summary judgment, arguing that because OneBeacon has not breached

its duty to indemnify Essex under the Commercial General Liability ("CGL") policy, Travelers could

-2-

not state a claim.  Docket 37.   In denying OneBeacon's motion for partial summary judgment, the

Honorable Anne. C. Conway rejected OneBeacon's narrow interpretation of the policy's "legally

obligated to pay" clause, and ruled "[c]onsistent with *CTC Development*[2] and *J.S.U.B.*,[3]the proper

inquiry is not whether the claims against OneBeacon sound in tort or contract, but whether there has

been an 'occurrence' under the policy."  Docket 133 at 22.  Travelers' motion for summary judgment

argues that an "occurrence" under the policy has taken place, and that it is entitled to judgment as a

matter of law.  Docket 161.

The litigants in the *J.S.U.B.* case sought discretionary review by the Florida Supreme Court

on the grounds that the decision in the case presented a direct conflict with other district courts of

appeal or the supreme court on the same question of law.  Docket 173-2.  Subsequent to Judge

Conway's ruling on OneBeacon's motion for partial summary judgment, the Florida Supreme Court

accepted review of *J.S.U.B.* and has set a briefing schedule.  Docket 173-3.  OneBeacon argues for a

stay because of the Florida Supreme Court's review of *J.S.U.B.*

## II.    ANALYSIS

OneBeacon initially states the well accepted standard that this Court is obligated to apply the

substantive law of the forum state in a diversity case.  OneBeacon then reiterates its argument made

in support of its motion for partial summary judgment that the Florida Supreme Court decision in

*LaMarche v. Shelby Mut. Ins. Co.*, 390 So.2d 325 (Fla. 1980), governs this case and not *J.S.U.B.*

---

[2] *State Farm Fire & Cas. Co. v. CTC Dev. Corp.*, 720 So.2d 1072 (Fla. 1998).

[3] *J.S.U.B., Inc. v. U.S. Fire Ins. Co.*, 906 So.2d 303 (Fla. 2d DCA 2005).

OneBeacon states that because the Florida Supreme Court accepted review of *J.S.U.B.,* the continuing viability of *LaMarche* is academic, and suggests that *J.S.U.B.* no longer is viable.

OneBeacon simply assumes too much. In accepting review of *J.S.U.B.*, the Florida Supreme Court did not make any statement regarding the continued viability of *LaMarche* or *J.S.U.B.* Further, this Court previously held that the court in *LaMarche* was not directly confronted with the meaning of the phrase "legally obligated to pay" as that phrase is used in the CGL policy, and that the policy language quoted in *J.S.U.B* was identical to the policy provisions in this case. Docket 133 at 6, 14. OneBeacon also ignores that Judge Conway's ruling was based in part on *CTC Development*, a Florida Supreme Court decision.

The United States Court of Appeals for the Eleventh Circuit has ruled that in the absence of a decision by the State's highest court or persuasive indication that it would decide issues differently, "Federal Courts follow decisions of intermediate appellate courts in applying State law. Concomitantly, the Florida Supreme Court has held '[t]he decisions of the district courts of appeal represent the law of Florida unless and until they are overruled by this Court.'" *Galindo v. ARI Mut. Ins. Co.*, 203 F.3d 771, 775 (11th Cir. 2000) (citation omitted). Unlike the cases cited by OneBeacon where a stay was appropriate because there was no decisive ruling by a state court, *J.S.U.B.* remains valid authority until it is overruled. Therefore, a stay is not mandated.

Although the Court has inherent discretionary authority to stay litigation pending the outcome of related proceedings in another forum, exceptional circumstances warranting a stay are not present in this case. *See, Am. Mfrs. Mut. Ins. Co. v. Edward D. Stone, Jr. & Assoc.*, 743 F.2d 1519, 1525 (11th Cir. 1984). There is no identity of parties between this action and *J.S.U.B.*, the property at issue

is different, and all claims will be decided by this Court.  There is no way to predict how long the

Florida Supreme Court may take to rule on *J.S.U.B.*, and there is no compelling reason to delay

indefinitely the adjudication of this action.

  **DONE** and **ORDERED** in Orlando, Florida on May 15, 2006.

                 JAMES G. GLAZEBROOK
                UNITED STATES MAGISTRATE JUDGE