# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
### ORLANDO DIVISION

**ESSEX BUILDERS GROUP, INC., and**
**TRAVELERS CASUALTY & SURETY**
**COMPANY,**

                    **Plaintiffs,**

**-vs-**                                                 **Case No.  6:04-cv-1838-Orl-22JGG**

**AMERISURE INSURANCE COMPANY**
**and ONEBEACON INSURANCE**
**COMPANY,**

                    **Defendants.**

**TRAVELERS CASUALTY & SURETY**
**CO. As the Subrogee of Essex Builders**
**Group, Inc.,**

                    **Intervenor.**

---

**AMERISURE INSURANCE COMPANY,**

       **Third Party Plaintiff/Cross-Plaintiff,**

**-vs-**

**LIBERTY MUTUAL FIRE INSURANCE**
**COMPANY; NATIONAL UNION FIRE**
**INSURANCE COMPANY OF**
**PITTSBURGH, PA; ONE BEACON**
**INSURANCE COMPANY f/k/a General**
**Accident Insurance Company of America;**
**MARYLAND CASUALTY COMPANY;**
**GREAT AMERICAN INSURANCE**
**COMPANY[1]; ASSURANCE COMPANY**

---

[1] Ohio Casualty Insurance Company has appeared as the transferee of the Great American Insurance Company policies (See Doc. Nos. 108 and 109).

**OF AMERICA; NATIONAL TRUST
INSURANCE COMPANY; ST. PAUL FIRE
& MARINE INSURANCE COMPANY**
a/k/a St. Paul Insurance Company,

  **Third Party Defendants/Cross-Defendants.**

_____

## ORDER

This cause came on for consideration without oral argument on the following motion:

> **MOTION:** **MOTION FOR PROTECTIVE ORDER BARRING DISCOVERY FROM PLAINTIFF'S NON-TESTIFYING CONSULTING EXPERT TIMOTHY PIPKORN AND MOTION TO QUASH SUBPOENA ISSUED BY AMERISURE TO TIMOTHY PIPKORN (Doc. No. 223)**
>
> **FILED:** May 8, 2006
>
> **THEREON** it is **ORDERED** that the motion is **DENIED**.

Defendant Amerisure Insurance Company ("Amerisure") noticed the deposition of Timothy Pipkorn and subpoenaed Pipkorn to bring to the deposition documents and correspondence regarding the valuation of Plaintiff Essex Builders Group, Inc. ("Essex") or the potential sale of Essex from 1999 up to the date Pipkorn was retained as a consultant in the instant action. Essex moves to quash the subpoena and for a protective order, claiming that Pipkorn is a non-testifying expert and that Fed. R. Civ. P. 26(b)(4)(B) prohibits the discovery.

Rule 26(b)(4)(B) allows discovery from experts who have "been retained or specially employed by another party in anticipation of litigation or preparation for trial." If, however, the expert is not expected to testify at trial, discovery is permitted only as provided in Rule 35(b) (which is

inapplicable here), or "upon a showing of exceptional circumstances under which it is impracticable for the party seeking discovery to obtain facts or opinions on the same subject by other means." Fed. R. Civ. P. 26 (b)(4)(B). The Rule's requirement that the expert be "retained or specially employed" excludes, for example, a general employee of the party who is not specially employed for the case. Advisory Comm. Notes (1970). The Advisory Committee Notes further state that "the subdivision does not address itself to the expert whose information was not acquired in preparation for trial but rather because he was an actor or viewer with respect to transactions or occurrences that are part of the subject matter of the lawsuit. Such an expert should be treated as an ordinary witness." *Id*. *See also*, 8 CHARLES ALAN WRIGHT, ARTHUR R. MILLER, RICHARD L. MARCUS, Federal Practice & Procedure Civil 2d § 2029 (experts whose information was not acquired to prepare for trial fall outside of Rule 26(B)(4)(B)).

In this case, Essex hired Pipkorn around 1999 or 2000. Docket 231-2 at 2. Essex's CEO, Edward A. Storey, described Pipkorn as a "consultant" or "mentor" who advised Essex on "how to approach the financial aspects of the business." *Id*. at 1. Storey further described Pipkorn's role as "kind of our board of directors in a sense we would sit down with him and talk about issues of the company, his background." *Id*. Essex does not allege that Pipkorn was retained as a consultant in anticipation of any litigation other than this case. Nor does Essex ever state the date when Pipkorn was retained or specially employed in connection with the litigation.

It is clear, however, that Pipkorn was not retained or specially employed in anticipation of litigation before August 2002 as Essex had no knowledge of a potential claim until that date. Complaint, Docket 1 at ¶ 11. It is possible for a witness to wear two hats: one as a specially employed

expert in anticipation of litigation and one as an ordinary witness. *See In re Shell Oil Refinery*, 134 F.R.D. 148, 150 (E.D. La. 1990) (expert employees could be deposed regarding facts and opinions held prior to being specially employed on a post-accident investigation team that was formed in anticipation of litigation). In this case, there clearly is a period of time when Pipkorn was an ordinary witness and he may be deposed regarding any facts or opinions he held prior to being retained in connection with the litigation.

As Amerisure does not seek to depose Pipkorn on any subject after he was retained in connection with the litigation, Rule 26(b)(4)(B)'s requirement of exceptional circumstances does not apply. Essex has failed to establish good cause for a protective order to prevent the taking of Pipkorn's deposition. Further, the subpoena is appropriately limited to exclude discovery of information after Pipkorn was retained in connection with the litigation and it will not be quashed. Essex's motions, therefore, are denied.

**DONE** and **ORDERED** in Orlando, Florida on May 17, 2006.

JAMES G. GLAZEBROOK
UNITED STATES MAGISTRATE JUDGE