**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**ORLANDO DIVISION**

**ESSEX BUILDERS GROUP, INC., and**
**TRAVELERS CASUALTY & SURETY**
**COMPANY,**

                    **Plaintiffs,**

**-vs-**　　　　　　　　　　　　　　　　　　　　　　**Case No. 6:04-cv-1838-Orl-22JGG**

**AMERISURE INSURANCE COMPANY**
**and ONEBEACON INSURANCE**
**COMPANY,**

                    **Defendants.**

**TRAVELERS CASUALTY & SURETY**
**CO. As the Subrogee of Essex Builders**
**Group, Inc.,**

                    **Intervenor.**

---

**AMERISURE INSURANCE COMPANY,**

    **Third Party Plaintiff/Cross-Plaintiff,**
**-vs-**

**LIBERTY MUTUAL FIRE INSURANCE**
**COMPANY; NATIONAL UNION FIRE**
**INSURANCE COMPANY OF**
**PITTSBURGH, PA; ONE BEACON**
**INSURANCE COMPANY f/k/a General**
**Accident Insurance Company of America;**
**MARYLAND CASUALTY COMPANY;**
**GREAT AMERICAN INSURANCE**
**COMPANY**[1]**; ASSURANCE COMPANY**

---

[1] Ohio Casualty Insurance Company has appeared as the transferee of the Great American Insurance Company policies (See Doc. Nos. 108 and 109).

**OF AMERICA; NATIONAL TRUST
INSURANCE COMPANY; ST. PAUL FIRE
& MARINE INSURANCE COMPANY
a/k/a St. Paul Insurance Company,**

  **Third Party Defendants/Cross-Defendants.**

## ORDER

This cause came on for consideration without oral argument on the following motion:

| | |
|---|---|
| **MOTION:** | **PLAINTIFF'S MOTION TO COMPEL AMERISURE TO PROVIDE FURTHER 30(B)(6) DEPOSITION TESTIMONY (Doc. No. 241)** |
| **FILED:** | **May 24, 2006** |

**THEREON** it is **ORDERED** that the motion is **GRANTED**.

Plaintiff, Essex Builders Group, Inc. ("Essex") moves to compel Defendant, Amerisure Insurance Company ("Amerisure"), to provide further 30(b)(6) deposition testimony regarding Amerisure's Second Affirmative Defense and the Rimkus report(s). During the deposition, Amerisure objected on the grounds that information requested related to opinions by non-testifying experts and also was covered by the attorney work product doctrine. Essex also seeks to depose Amerisure's corporate representative on the new topic of the policy exclusion (j)(5), which the Court allowed Amerisure to assert as an affirmative defense after the Rule 30(b)(6) deposition had been held. For the reasons set forth below, the motion is granted.

I.  **FACTS**

Essex asserts that its general liability carriers, OneBeacon Insurance Company ("OneBeacon") and Amerisure, failed to defend and indemnify Essex against claims arising from the construction of a large apartment complex.  In August 2002, approximately two years after construction was completed, the owner of the apartment complex notified Essex of water intrusion damage to several buildings.  Docket 1 at ¶ 10-11.  Essex alleges that it timely notified OneBeacon and Amerisure of the claim.  Docket 1 at ¶ 12.  Amerisure denied the claim on November 5, 2003.  Docket 1 at ¶ 13.  Essex filed suit on December 6, 2004, seeking this Court's determination that the Amerisure and OneBeacon policies afforded coverage for the claims brought against Essex by the owner of the construction project, and that its insurers owe Essex damages arising from their wrongful breaches of the subject insurance policies.  Docket 1.

Amerisure's 30(b)(6) representative, Randy Lester, testified that in the August 2002 to August 2003 time period, Amerisure hired experts identified as "Rimkus" to analyze the water intrusion issue. Docket 241-2 at 27:4-22.  Rimkus issued at least two reports.  Docket 241-2 at 28:6-29:5.  When questioned whether Rimkus's conclusions differed from the conclusions reached by the project owner's experts, Amerisure objected on the basis of work product privilege as it relates to a non-testifying consultant and instructed the deponent not to answer.[2]

---

[2] The transcripts reads as follows:
[Essex's attorney Marino] "Do you recall whether [Rimkus] reached any conclusions that were different from the conclusions reached by the project's owners experts?"
[Amerisure's attorney Atkinson] "Object to the form of the question. The privilege is involved with respect to that. And I'm instructing you not to answer."
[Marino] "When you say privilege, you mean work-product privilege."
[Atkinson] "Correct, as it relates to non-testifying consultant."
Docket 241-2 at 29:8-18.

In response to questions regarding Amerisure's second affirmative defense,[3] Lester testified that Amerisure's position was based solely on an expert's report. Docket 241-2, at 67:1-7; 69:25-71:13. Essex asked for the identity of the expert who prepared the report, and Amerisure objected that the expert was a non-testifying expert and instructed Lester not to answer.[4] Travelers Casualty & Surety Company, an intervenor in the action, also attempted to ascertain the identity of the expert upon whom Amerisure relied for its second affirmative defense, and the same objection was raised. Docket 241-2 at 89:7-15.

II. **THE LAW**

    A. **The Work Product Doctrine**

The "work product doctrine" protects trial preparation materials that reveal an attorney's strategy, intended lines of proof, evaluation of strengths and weaknesses, and inferences drawn from interviews. Fed. R. Civ. P. 26(b)(3); *Hickman v. Taylor*, 329 U.S. 495, 511 (1947). Work product protection applies to "documents and tangible things . . . prepared in anticipation of litigation or for trial" by or on behalf of a party. Fed. R. Civ. P. 26(b)(3). If documents and materials are produced in the ordinary course of business or other non-litigation purposes, they do not qualify as work product. *See, Advisory Committee Notes to Rule 26(b)(3)*. The party asserting the privilege has the burden of proving the existence of the privilege. *See, United States v. Schaltenbrand*, 930 F.2d 1554, 1562 (11th Cir. 1991) (attorney-client privilege); *Grand Jury Proceedings v. United States*, 156 F.3d

---

[3] Amerisure asserts as its second affirmative defense that its "policy only applies to 'property damage' which 'occurs during the policy period. To the extent some or all of the alleged damages occurred when the Amerisure policy was not in effect, no coverage could be afforded." Docket 12 at 4.

[4] The transcript reads: [Q] "An expert report prepared by whom?" [Amerisure's Counsel Atkinson] "As it would relate to anybody other than Mr. Bell [the identified expert], I'm instructing you not to answer. It would be a non-testifying expert, not entitled to that information." Docket 241-2 at 67:11-16.

1038, 1042 (10th Cir. 1998) ("the party asserting work product privilege has the burden of showing the applicability of the doctrine"); *Binks Mfg. Co. v. Nat'l Presto Indus.*, 709 F.2d 1109, 1119 (7th Cir.1983) ("the party seeking to assert the work product privilege has the burden of proving that 'at the very least some articulable claim, likely to lead to litigation, [has] arisen.'" (citations omitted)); *Conoco Inc. v. U.S. Dep't of Justice*, 687 F.2d 724, 730 (3d Cir. 1982) ("the party asserting work product protection has the burden of demonstrating that the documents were 'prepared in anticipation of litigation'")

The United States Court of Appeals for the Eleventh Circuit has not addressed application of the work product doctrine to an insurer's investigation of claims. Many courts have noted the difficulty in determining whether documents prepared by an insurance company or its representatives are entitled to work product protection because it is an insurer's business to investigate and adjust claims. The Court is persuaded by the exhaustive analysis contained in *Harper v. Auto-Owners Ins. Co.*, 138 F.R.D. 655, 663 (S.D. Ind. 1991), and its conclusion that documents or things prepared before a final decision on an insured's claim are prepared in the ordinary course of business. The Court also agrees with the rebuttable presumptions established in *Harper* that documents or things prepared before the final decision on an insured's claim are not work product, and that documents produced after claims denial are work product. *Id*. The presumption may be rebutted "by specific evidentiary proof of objective facts." *Id*.

B.   **Non-Testifying Experts**

This Court previously set forth the relevant law regarding non-testifying experts in its Order at Docket No. 235. For the parties' convenience, the Court reproduces the relevant portion of its prior ruling below:

> Rule 26(b)(4)(B) allows discovery from experts who have "been retained or specially employed by another party in anticipation of litigation or preparation for trial." If, however, the expert is not expected to testify at trial, discovery is permitted only as provided in Rule 35(b) (which is inapplicable here), or "upon a showing of exceptional circumstances under which it is impracticable for the party seeking discovery to obtain facts or opinions on the same subject by other means." Fed. R. Civ. P. 26 (b)(4)(B). The Rule's requirement that the expert be "retained or specially employed" excludes, for example, a general employee of the party who is not specially employed for the case. Advisory Comm. Notes (1970). The Advisory Committee Notes further state that "the subdivision does not address itself to the expert whose information was not acquired in preparation for trial but rather because he was an actor or viewer with respect to transactions or occurrences that are part of the subject matter of the lawsuit. Such an expert should be treated as an ordinary witness." *Id*. *See also*, 8 CHARLES ALAN WRIGHT, ARTHUR R. MILLER, RICHARD L. MARCUS, Federal Practice & Procedure Civil 2d § 2029 (experts whose information was not acquired to prepare for trial fall outside of Rule 26(B)(4)(B)).

*Essex Builders Group, Inc. v. Amerisure Ins. Co.*, – F.R.D. –, 2006 WL 1329948 *1 (M.D. Fla. May 17, 2006). Identification of non-testifying experts is subject to the same standard as discovery of their opinions. *See, In re Pizza Time Theatre Sec. Litig.*, 113 F.R.D. 94, 97-98 (N.D. Cal. 1986).

III.  **ANALYSIS**

A.   **Non-Testifying Experts**

The threshold question for both of Amerisure's Rule 26(b)(3) and 26(b)(4)(B) objections as to the Rimkus' reports is whether the reports were prepared in anticipation of litigation. Lester

-6-

testified that for the August 2002 through August 2003, time period, Rimkus produced at least two reports. Amerisure, however, did not deny Essex's claim until November 5, 2003. It thus appears that Rimkus's reports were for the purpose of analyzing Essex's claims and were prepared in the ordinary course of Amerisure's business. The Court, therefore, presumes these reports are not work product. Amerisure has produced no affidavits, privilege log, or other objective facts to the Court to overcome this presumption. *See, e.g., Universal City Dev. Partners, Ltd. v. Ride & Show Eng'g, Inc.*, 230 F.R.D. 688, 695 (M.D. Fla. 2005 (a blanket claim of privilege is insufficient and a log or index of materials withheld under a claim of privilege must be produced), *citing, Harper*, 138 F.R.D. at 664. Amerisure has not carried its burden of proving that either the work product doctrine or non-testifying expert exemptions apply to the Rimkus reports, and its objections are overruled.

The second group of questions related to the identity of the expert who prepared the report upon which Amerisure bases its second affirmative defense is slightly more complicated. At one point, it appears that Essex is asking about the basis underlying the claims decision.[5] At another point, it appears that Essex is inquiring about Amerisure's position in the litigation – *i.e.*, its second affirmative defense. Docket 241-2 at 69:25-71:13. Although the Court may have protected the identity of a non-testifying expert, it is unclear that the unidentified expert was retained in anticipation of litigation. Again, Amerisure provided the Court with absolutely no information as to when the expert was retained or why litigation was anticipated at that point in time. As Amerisure has failed

---

[5] The transcript reads: "MR. MARINO: Just for clarification, I'm asking him about the basis for their -- the underpinnings of their claim decision, are you going to maintain your objection?
MR. ATKINSON: Yes." Docket 241-2 67:17-21.

to satisfy the threshold question that the expert was retained or specially employed in anticipation of litigation, the objection is overruled.

### B. **Other Issues**

Essex also complains that Lester was inadequately prepared to testify as the corporate representative. Lester is Amerisure's Vice President of Claims. Docket 241-2 at 10:1-3. At the deposition, Lester testified that he had read the claims file, the policy at issue, and had a four hour discussion with Amerisure's counsel. Docket 241-2 at 13:16-18; 14:14-20; 15:7-15. Even with preparation, it is possible for a deponent to have a lapse of memory. The Court finds no lack of good faith and that Lester's preparation was adequate. *See, Crouse Cartage Co. v. Nat'l Warehouse Inv. Co.*, 2003 WL 21254617 *6 (S.D. Ind. April 10, 2003) (preparation consisting of review of "old documents," lease agreement, purchase and sales agreement, and a brief meeting with an attorney satisfied Rule 30(b)(6) requirements). Because the Court finds that Amerisure's unfounded objections regarding non-testifying experts may have interfered with Essex's ability to ask follow up questions regarding the identity of experts and who prepared what reports, the Court will permit Essex to ask those questions again.

With respect to Essex's motion to depose Amerisure's corporate representative on the policy exclusion (j)(5), in granting Amerisure's motion to amend its answer to add the (j)(5) affirmative defense, the Court stated "If any party contends they were unable to take specific discovery due to the timing of the amendment of the pleading, they may file a motion seeking a limited extension of the discovery deadline." Docket 230. Amerisure's argument that Essex should have deposed the corporate representative on a proposed affirmative defense that the Court had not yet allowed is

without merit. Essex may depose Amerisure's corporate representative on the (j)(5) affirmative defense.

## CONCLUSION

Essex's motion to compel further deposition testimony of Amerisure's corporate representative pursuant to Rule 30(b)(6) is **GRANTED** for the reasons stated above. Amerisure shall make its corporate representative available for deposition on a date mutually agreed to by the parties no later than July 20, 2006. This extension will not affect the dispositive motions deadline and trial date, and any discovery conducted after the dispositive motions date will not be available for summary judgment purposes.

**DONE** and **ORDERED** in Orlando, Florida on June 20, 2006.

JAMES G. GLAZEBROOK
UNITED STATES MAGISTRATE JUDGE